George Haines, Esq.  
Nevada Bar No. 9411  
David Krieger, Esq.  
Nevada Bar No. 9086  
HAINES & KRIEGER, LLC  
1020 Garces Ave.  
Las Vegas, NV 89101  
Phone: (702) 880-5554  
FAX: (702) 385-5518  
Email: info@hainesandkrieger.com  
Attorney for Michael A. Boyce

E-FILED: November 12, 2009

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re:<br><br>**Michael A. Boyce**,<br><br>Debtor(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. BKS-09-26767-LBR<br>Chapter 13<br><br>Hearing Date:  December 17, 2009<br>Hearing Time:  2:30 P.M. |
|---|---|---|

### MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490) PURSUANT TO 11 U.S.C. §506(a) AND §1322

Now Comes, Michael A. Boyce (hereinafter the "Debtor"), by the law firm of HAINES & KRIEGER, L.L.C., and attorney George Haines, Esq., and moves this Court pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014 and states:

1. Debtor filed the instant Chapter 13, Case Number 09-26767 on September 08, 2009.

2. On the petition date, Debtor owned real property located at 2805 MISTY GROVE DRIVE, HENDERSON, NEVADA, 89074 (hereinafter the "Subject Property").

3. The value of the Subject Property was $130,593.00 at the time the instant petition was filed.

4. At the time of filing the instant petition, the Subject Property was subject to a priority lien held by BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2498) in an amount of $194,297.00.

5. Therefore, on the date the instant bankruptcy was filed, no equity existed in the Subject Property above the claims of BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2498).

6. BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490)'s claim was wholly unsecured on the petition date and if the Subject Property was sold at auction BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490) would receive nothing.

7. Accordingly, the Debtor requests that Your Honor find that BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490)'s claim is wholly unsecured and BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490)'s rights to foreclose on the Subject Property are hereby extinguished.

## LEGAL ARGUMENT

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured…claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the Debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in

> which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim
>
> …
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it.  Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."  Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490)'s claim is wholly unsecured (in that there is no extant equity above the first mortgage in the Subject Property), BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490) should be stripped of its secured rights under State law since no maintainable security interest in the subject property exists.

Further, the Debtor is not required to file an adversary proceeding to achieve the requested relief herein.  Debtor may bring a motion to "strip off" BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490)'s consensual lien by motion.  S*ee In re Williams,* 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,* 313 B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004).

WHEREFORE, Debtor prays that this Court:

- 4 -

    1.    Find that BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490) is not a holder of a lien on the Subject Property;

    2.    Immediately avoid, "Strip off", cancel and extinguish BAC HOME LNS LP/CTRYWD (ACCT ENDING IN 2490)'s lien from the Subject Property pursuant to 11 U.S.C. Section 506(a);

    3.    Such other relief the Court finds appropriate.

Dated: November 12, 2009

/s/George Haines, Esq.
George Haines, Esq.
Attorney for Debtor(s)